Wachovia Mortgage
P.O. Box 659558
San Antonio, TX 78265-9558

June 3, 2011                                    Loan Number: 0046731394


WACHOVIA

BALDEV K BABBAR
116 OAKCREST CT
DANVILLE, CA 94526-5521


Re: Modification Agreement

Dear BALDEV K BABBAR:

This letter confirms that Wachovia Mortgage, a division of Wells Fargo Bank, N.A. will agree to modify your loan as set forth in the enclosed Modification Agreement. Please sign the Modification Agreement and return the executed agreement with the **Automatic Loan Payment Authorization** form and the first payment due under the Modification. Payment due includes principal and interest in the amount of $2,508.69 and escrow in the amount of $446.68 for a total payment of $2,955.37. Please note your loan is escrowed, and the amounts necessary for escrow may change, which will impact the total payment amount due on the loan. The Modification Agreement must be signed, without any alterations, changes or deletions, by all borrowers and received by Wachovia Mortgage no later than June 13, 2011.

Please note, if payments were automatically drafted, the automatic drafting has been cancelled and a new Automatic Loan Payment Authorization must be executed to resume automatic drafting of payments. If your loan had an adjustable rate prior to this modification agreement, the previous interest rates are listed on the attached table (if applicable).

Thank you for your modification request. You are a valued customer and we appreciate you allowing Wachovia Mortgage to be your lender. Should you have any questions, please contact us at 888-565-1422. We will be happy to assist you Monday through Friday, 8:00 a.m. to 10:00 p.m., CST. For your convenience, you may obtain home loan information at wachovia.com.

Loan Modifications
Loan Service Department

Enclosure(s)

Please be advised that Wachovia Mortgage may be attempting to collect a debt and any information obtained may be used for that purpose. If you are currently in bankruptcy or your debt has been discharged in bankruptcy, Wachovia Mortgage is only exercising its rights against the property and is not attempting to hold you personally liable on the Note.

| | |
|---|---|
| Date of this Agreement: | June 3, 2011 |
| Note known as Loan Number: | 0046731394 |
| Property Address: | 116 OAKCREST CT<br>DANVILLE, CA 94526-5521 |
| Principal Balance Prior to Modification: | $896,365.18 |
| Return Date for this Agreement: | June 13, 2011 |

## MODIFICATION AGREEMENT

This Modification Agreement ("Agreement") is made as of the Date of this Agreement between the undersigned ("Borrower"), as obligor(s), or as title holder(s) to the Property, as the context may require, on the Loan evidenced by that certain Promissory Note ("Note"), known as the loan number referenced above, executed by Borrower or later assumed by Borrower (the "Loan") and Wells Fargo Bank, N.A. ("Lender"). Borrower's obligations under the Note are secured by a properly recorded deed of trust, mortgage or security deed, dated the same date as the Note (the "Security Instrument"), encumbering the Property, identified as Property Address above. Borrower agrees that, except as expressly modified in this Agreement, the Note and the Security Instrument remain in full force and effect and are valid, binding obligations upon Borrower, except as discharged in Bankruptcy, and are properly secured by the Property.

Unless this Agreement is executed without alteration and returned by the Return Date above this Agreement will be of no force or effect and the Loan will remain subject to all existing terms and conditions provided in the Note and Security Instrument. This Agreement will only be deemed received when <u>actually</u> received by Lender at: Wells Fargo, Loan Modifications, T7416-010, 4101 Wiseman Blvd., San Antonio, Texas, 78251. Upon receipt of a properly executed Agreement, this Agreement will become effective on August 1, 2011.

Through this Agreement, Borrower and Lender agree to modify the Loan as follows:

1. If outstanding and owed as of the Date of this Agreement, Lender agrees to:
a. Waive outstanding Late Charges and Fees; and

b. Add amounts owed for Escrow and Corporate Advances to the Loan balance; and

c. Forgive accrued, outstanding, and not capitalized interest through     June 30, 2011

2. Lender and Borrower further agree to modify the Loan as follows:
a. The maturity date of the Loan is     July 1, 2051

b. After capitalization, the principal balance owed on the Loan will be
reduced to a Modified Principal Balance equal to     $840,000.00

c. Included in the Modified Principal Balance is a Deferred Balance of $11,072.79 which will accrue interest at a rate of 0.00% for the life of the loan.

0046731394

d. Included in the Deferred Principal Balance is a Conditional Forgiveness of $500.00 which will be permanently forgiven in equal portions of one-third provided the borrower is in Good Standing on the first, second, and third anniversaries of the Effective Date. Good Standing means the borrower has never been delinquent since the Effective Date of this Agreement by the equivalent of three full monthly payments at the end of the month in which the last of the three delinquent payments was due. Each portion of the Conditional Forgiveness will be considered Deferred Principal Balance and will remain owed until it has been permanently forgiven.

Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date an interest in the Property is sold or transferred, (ii) the date on which the entire Interest Bearing Principal Balance is paid off, or (iii) the new Maturity Date. Borrower agrees that any partial prepayments of Principal may be applied at Lender's discretion first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

**Notice to Borrower:** The Deferred Principal Balance will result in a balloon payment. A balloon payment is a lump sum payment due at the end of your loan. If you do not have the funds to pay the balloon payment when it comes due, you may have to obtain a new loan against your property to make the balloon payment. In that case, you may have to pay commissions, fees, and expenses for the arranging of the new loan. In addition, if you are unable to make the monthly payments or the balloon payment, you may lose the property and all of your equity through foreclosure. Keep this in mind in deciding upon this modification. The balloon payment on this loan is due on the maturity date referenced under 2(a) above or upon earlier payoff of the loan.

The Modified Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance."

3. Monthly payments will be due on the same day of each month. Each Interest Rate will go into effect on the corresponding Interest Rate Effective Date. **The payments DO NOT include amounts necessary for escrow.** Each Payment is a principal and interest payment calculated at the interest rate specified to pay off the interest bearing principal balance of $828,427.21 by the maturity date. The Principal and Interest payment(s) on the Loan will be as follows:

| Payment Due Date | Payment | Interest Rate | Interest Rate Eff. Date |
|---|---|---|---|
| 8/1/2011 | $2,508.69 | 2.000% | 7/1/2011 |
| 8/1/2014 | $2,879.87 | 2.875% | 7/1/2014 |
| 8/1/2015 | $3,269.80 | 3.750% | 7/1/2015 |
| 8/1/2016 | $3,675.73 | 4.625% | 7/1/2016 |

Principal and Interest payment for the remaining term of the Loan:

| Payment Due Date | Payment | Interest Rate | Interest Rate Eff. Date |
|---|---|---|---|
| 8/1/2017 | $3,860.62 | 5.016% | 7/1/2017 |

If there is a decrease in the interest bearing principal balance due to principal curtailment,

Case: 10-71963   Doc# 48-1   Filed: 06/07/11   Entered: 06/07/11 18:39:30   Page 3 of 6

0046731394

Borrower agrees that any future payment changes indicated above may be recalculated to payoff the then existing interest bearing principal balance at the corresponding interest rate at Lender's discretion upon receipt of written request from Borrower absent additional agreement or modification of this Agreement.

4. The Loan will be escrowed for the payment of taxes and insurance for the remaining term of the Loan. Amounts necessary for escrow are not included in the payments referenced above. Please reference the cover letter for the initial payment amount with escrow and reference the monthly billing statements for the future payment amount with escrow.

5. If the loan was an Adjustable Rate Mortgage or a Pay Option Loan, the Interest Change Dates, Calculation of Interest Rate Changes, Payment Change Dates, Calculation of Payment Changes, Index and Payment Cap Limitation no longer apply.

6. The Loan may not be assumed by any other person or entity.

7. If a biweekly loan, the Loan will convert to a monthly payment schedule. References to "biweekly," "every two weeks," and "every other Monday" shall be read as "monthly," except as it relates to the Modified Maturity Date. Interest will be charged on a 360-day year, divided into twelve (12) segments. Interest charged at all other times will be computed by multiplying the interest bearing principal balance by the interest rate, dividing the result by 365, and then multiplying that daily interest amount by the actual number of days for which interest is then due.

As part of the conversion from biweekly to monthly payments, any automatic withdrawal of payments (auto drafting) in effect with Lender for the Loan are cancelled.

8. Lender acknowledges that one or more of the undersigned may have filed for bankruptcy or may have received a discharge in a bankruptcy proceeding. Said individual(s) acknowledge and agree that this Agreement is not a reaffirmation agreement as defined in 11 U.S.C. §524, that any references in this Agreement that imply liability under the Note obligation instead refer to the amounts secured by the property and is not meant to impart personal liability on such individual(s), and that this Agreement and communications related to this Agreement are not attempts to collect, assess or recover a claim against the individual(s) that arose before the commencement of the bankruptcy or that has been discharged.

9. If there is a principal reduction or forgiveness as part of this Agreement, Borrower acknowledges that any principal reduction or forgiveness is reported to the Internal Revenue Service and may have tax consequences.

3 of 4

Case: 10-71963   Doc# 48-1   Filed: 06/07/11   Entered: 06/07/11 18:39:30   Page 4 of 6

Borrower agrees that (a) Borrower has read this Agreement in its entirety; (b) Borrower has consulted, or had opportunity to consult, with an attorney of Borrower's choosing; and (c) Borrower has voluntarily entered into this Agreement.

BORROWER(S):                          Wells Fargo Bank, N.A.

_____                  _____

**BALDEV K BABBAR**                    **Mary C. Reeder**
                                                    **Senior Vice President**

ATTACHMENT:

Page 2

BALDEV K BABBAR
Loan Number: 0046731394

| PAYMENT EFF. DATE | INTEREST RATE | MARGIN | INDEX |
| --- | --- | --- | --- |
| 7/15/2010 | 5.090% | 2.850% | 2.240% |
| 8/15/2010 | 5.090% | 2.850% | 2.240% |
| 9/15/2010 | 5.080% | 2.850% | 2.230% |
| 10/15/2010 | 5.070% | 2.850% | 2.220% |
| 11/15/2010 | 5.050% | 2.850% | 2.200% |
| 12/15/2010 | 5.040% | 2.850% | 2.190% |
| 1/15/2011 | 5.050% | 2.850% | 2.200% |
| 2/15/2011 | 5.070% | 2.850% | 2.220% |
| 3/15/2011 | 5.060% | 2.850% | 2.210% |
| 4/15/2011 | 5.070% | 2.850% | 2.220% |
| 5/15/2011 | 5.080% | 2.850% | 2.230% |
| 6/15/2011 | 5.080% | 2.850% | 2.230% |